IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00681-PAB-KLM

GEORGE RALPH WIGGINS, III,

    Plaintiff,

v.

RICK RAEMISCH,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for an Administrative Stay Toward a Settlement Between the Parties** [#40][1] (the "Motion"). Plaintiff, who proceeds pro se[2] as an inmate at the San Carlos Correctional Facility, filed the Motion [#40] on October 15, 2018. Defendant's deadline to respond to the Motion [#40] has elapsed and no response has been filed. *See* D.C.COLO.LCivR 7.1(d). As a result, the Court treats the Motion [#40] as unopposed. *See Walter v. HSM Receivables*, No. 13-cv-00564-RM-KLM, 2014 WL 5395197, at *1 (D. Colo. Oct. 23, 2014) ("The Motion is essentially unopposed

---

[1] "[#40]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

as no response has been filed by Defendants."); *Armstrong v. Swanson*, No. 08-cv-00194-MSK-MEH, 2009 WL 1938793, at *1 (D. Colo. July 2, 2009) (noting that Plaintiff did not file a response to the motion for sanctions and "deem[ing] the Plaintiff to have defaulted on th[e] motion.").

In the Motion [#40], Plaintiff requests that the Court impose an "administrative stay" on these proceedings for a period of seventy days so that the parties may reach a settlement of this case. Given the nature of Plaintiff's request and the circumstances described below, the Court construes Plaintiff's request for an "administrative stay" as a request to administratively close this case pending settlement negotiations between the parties.

Plaintiff states that "[i]n recent months the [Colorado Department of Corrections] has begun to meet certain complained-of medical problems suffered by [Plaintiff] [i]ncluding providing hi[m] medical shoes and scheduling him for medical evaluation for Advanced Foot Ortho[t]ics." *Motion* [#40] at 1. Plaintiff further states that "[a]s a result of these actions[,] Plaintiff is now willing to enter into full settlement negotiations with Defendant through his counsel." *Id.* Finally, Plaintiff notes that "due to problems with Plaintiff's law library access[,] it seems prudent for Plaintiff to explore a possible conclusion to the litigation at this time." *Id.*

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 & n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

Administrative closings comprise a familiar, albeit essential ad hoc, way in

> which courts remove cases from their active files without making any final
> adjudication. The method is used in various districts throughout the nation
> in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

Based on the foregoing, the Court is inclined to recommend granting Plaintiff's request to administratively close this case for three reasons. First, it is not entirely clear whether Plaintiff even seeks to continue litigating this case any further given that he appears satisfied that his medical issues are now being adequately addressed. Second, to the extent Plaintiff's claims have not already been addressed, Plaintiff clearly wishes to resolve the entirety of his case through settlement. In light of this, the Court is mindful that Plaintiff's incarceration will likely limit his ability to communicate with Defendant regarding settlement. Thus, the time required for settlement negotiations to occur is uncertain. Third, because no response has been filed to Plaintiff's Motion [#40], there is no indication that Defendant opposes settlement negotiations or administrative closure at this time. Accordingly, based on Plaintiff's statements and the lack of any opposition thereto,

IT IS RESPECTFULLY **RECOMMENDED** that Plaintiff's Motion [#40] be **GRANTED** and that this case be **administratively closed** pursuant to D.C.COLO.LCivR 41.2.

IT IS FURTHER **RECOMMENDED** that, if the above recommendation is adopted,

the parties be ordered to file, **within seventy days of the administrative closure**, either: (1) a motion to reopen this case for good cause, (2) a motion for voluntary dismissal, or (3) a status report regarding settlement negotiations.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this **Recommendation** to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the **Recommendation** by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this **Recommendation** must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 31, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge